9 F.3d 1555
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John RAINWATER, Defendant-Appellant.
 No. 92-10544.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 2, 1993.*
Decided Oct. 22, 1993.
 
 Before: REAVLEY,** PREGERSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 John Rainwater paid his employees in cash without reporting those wages or paying the government income and social security taxes due. By subterfuge he made checks out to his employee Storm and maintained that it was Storm's employees to be paid. Storm merely cashed the checks, retained 6% and returned the cash to Rainwater. Rainwater's checks, 129 of them, were made for less than $10,000 each. He was convicted of filing false payroll tax returns, failing to pay the taxes due, conspiracy to impair the tax collection, and transaction structuring. We affirm.
 
 
 3
 Rainwater's chief complaint here is the introduction into evidence of exhibit 79. That exhibit purports to be a statement of money owed by Rainwater to "Storm Construction Company." The subterfuge included regular preparation of these statements for which the checks were issued to Storm. Storm testified that Rainwater would write, for Storm to copy, the contents of these statements. Furthermore, he said some of the statements were actually written by Rainwater and not rewritten by Storm.
 
 
 4
 Rainwater testified that none of the Storm Construction Company statements were in his handwriting. The prosecutor then produced exhibit 79. Rainwater at first denied that it was in his own handwriting, but later admitted that it was.
 
 
 5
 Rainwater's objection to the exhibit was that this statement was given in connection with a different construction job. The government, then and now, insists that the date is appropriate and that the statement was given for the work under discussion--as the prosecutor stated during the trial when it was presented to Rainwater. The question of the job for which the exhibited statement was given, and the significance of that question, were not developed further in the trial. We find no error.
 
 
 6
 Rainwater also complains of the prosecutor's vouching for the credibility of his witness Storm by bringing out the portion of Storm's plea agreement by which he bound himself to be truthful. The defense here vigorously attacked the credibility of Storm and contended that he had made a deal with the government simply to save himself. The government was entitled to prove that the "deal" did not protect Storm in the event of any dishonesty.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Thomas M. Reavley, Senior United States Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3